UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELVIN GENAO,<br><br>      Plaintiff,<br><br>-against-<br><br>PS 154 HARRIET TUBMAN; 32ND PRECINCT; CYNTHIA GUANILO,<br><br>      Defendants. | 1:19-CV-0169 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

 Plaintiff, appearing *pro se*, brings this action against the public school that his 7-year-old son attends (PS 154, the Harriet Tubman Learning Center ("PS 154")), the New York City Police Department's 32nd Precinct, and Cynthia Guanilo, his son's mother.[1] He has also filed an application for the Court to request *pro bono* counsel. (ECF 1:19-CV-0169, 4.) By order dated August 7, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons discussed below, the Court dismisses this action.

## STANDARD OF REVIEW

 The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is

---

[1] Plaintiff's amended complaint is the operative pleading for this action. (ECF 19-CV-0169, 3.)

obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff alleges that he lives across the street from PS 154, and can therefore see and hear his son from his apartment window when his son goes to and leaves school. He asserts that he can also hear his son screaming from inside the school and from PS 154's schoolyard. He therefore believes that "there's a problem." (ECF 1:19-CV-0169, 3, p. 4.) He states that on multiple occasions, he has asked the police to investigate why his son is screaming. Plaintiff asserts that it is "completely ruthless" for his 7-year-old son to attend school for eight hours per day, that is, between 8 a.m. and 4 p.m. (*Id.*) He seems to assert that he is barred from visiting his son at school. He alleges that when he attempted to visit his son at school, school officials would not allow him to see his son. Plaintiff "voluntarily told [a school official that] there was a restraining order," and the official "responded by deciding to enforce it through [calling the police] and sending the local precinct to knock on [Plaintiff's] door with social workers." (*Id.*)

Plaintiff believes that his son is in danger at PS 154. He alleges that Guanilo, his son's mother, "doesn't recognize the red flags of his [son's] behavior or his [son's] plea[s] for help when he says he doesn't want to go [to PS 154] anymore." (*Id.*) Plaintiff states that he wishes to press criminal charges against Guanilo. He asserts that Guanilo and an unspecified police precinct are retaliating against him. He seeks an injunction from this Court that would bar Guanilo from sending their son to PS 154 "until the pending civil matter has been settled." (*Id.*) Plaintiff has attached to his amended complaint an application that he has prepared in which he requests that this Court issue a search warrant for Guanilo. (*Id.* p. 6.)

# DISCUSSION

## A.  Private prosecution

The Court must deny Plaintiff's request for a search warrant for Guanilo, and must dismiss any claims in which Plaintiff seeks to have Guanilo, or anyone else, criminally prosecuted. A private citizen cannot prosecute a criminal action in federal court. *See Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981) (prisoners lack standing to seek the issuance of an arrest warrant); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). And because federal prosecutors possess discretionary authority to bring criminal actions, they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court denies Plaintiff's request for a search warrant, and dismisses Plaintiff's federal claims in which he seeks to have Guanilo, or anyone else, criminally prosecuted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## B.  PS 154 and the 32nd Precinct

The Court must also dismiss Plaintiff's federal claims against PS 154 and the 32nd Precinct. The 32nd Precinct is an entity within the New York City Police Department, which is an agency of the City of New York; it therefore lacks the capacity to be sued. *See* N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court therefore dismisses Plaintiff's claims against the 32nd Precinct.

3

PS 154 is an entity within the New York City Department of Education ("DOE") and lacks the capacity to be sued. *See Ximines v. George Wingate High Sch.*, 516 F.3d 156, 159 (2d Cir. 2008) (affirming district court's ruling that a New York City public school is not a suable entity). The New York City Board of Education ("BOE"), which is a suable entity, is the proper defendant for Plaintiff's claims.[2] Because PS 154 is not a suable entity, the Court dismisses Plaintiff's claims against it.

The Court construes Plaintiff's federal claims against the 32nd Precinct as brought against the City of New York, and his federal claims against PS 154 as brought against the BOE, under 42 U.S.C. § 1983. But when a plaintiff sues a municipality, such as the City of New York, or other local government body, such as the board of education of a school district, under § 1983, it is not enough for the plaintiff to allege that one of the municipality's or board's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality or board itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978))); *Back v. Hastings On Hudson Union Free Sch. Dist.*, 365 F.3d 107, 128 (2d Cir. 2004) (applying *Monell* liability standard to school districts). In other words, to state a § 1983 claim against a municipality or board of education, the plaintiff must allege facts showing (1) the existence of a municipal or board policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of*

---

[2] The BOE created the DOE, and the BOE is a suable entity that is separate from the City of New York. *See Matson v. Bd. of Edu. of the City Sch. Dist. of N.Y.*, 631 F.3d 57, 77-78 (2d Cir. 2011).

*East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff has alleged no facts showing that a policy, custom, or practice of the City of New York or the BOE caused a violation of his constitutional rights.[3] The Court therefore dismisses these § 1983 claims for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

C.  **The domestic relations exception**

The domestic relations exception to federal jurisdiction bars this Court from considering any of Plaintiff's claims in which he seeks to nullify any state-court ruling deciding who should have custody of Plaintiff's son and whether Plaintiff is allowed to visit him. In *Ankenbrandt v. Richards*, the United States Supreme Court reaffirmed the continued validity of the domestic relations exception, stating that this exception divests federal courts of jurisdiction "to issue divorce, alimony and child custody decrees." 504 U.S. 689, 703 (1992); *see also Am. Airlines v. Block*, 905 F.2d 12, 14 (2d Cir. 1990) (federal courts generally decline jurisdiction when they are "asked to grant a divorce or annulment, determine support payments, or award custody of a child") (internal quotation marks and citation omitted); *Falco v. Santoro*, No. 18-CV-2480, 2018 WL 6706312, at *4 (E.D.N.Y. Dec. 19, 2018) ("[B]ecause Plaintiff seeks a determination that he was improperly denied custody and/or visitation with his children, . . . the Court lacks jurisdiction and this action is barred by the domestic relations exception to this Court's jurisdiction.").

---

[3] To the extent that Plaintiff asserts that members of 32nd Precinct violated his constitutional rights by not investigating his reports that his son was screaming at PS 154, there is no constitutional duty for the police to investigate or enforce the law. *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989).

While this exception arose from an interpretation of the federal diversity statute, courts "routinely apply the exception to cases brought under the federal courts' federal question jurisdiction." *Fernandez v. Turetsky*, No. 12-CV-4092, 2014 WL 5823116, at *2 (E.D.N.Y. Nov. 7, 2014), *aff'd on other grounds*, 645 F. App'x 103 (2d Cir. 2016) (summary order); *see also Mitchell-Angel v. Cronin*, 101 F.3d 108 (2d Cir. 1996) (unpublished decision) ("District courts in this Circuit have held that the exception includes civil rights actions directed at challenging the results of domestic relations proceedings."); *Block*, 905 F.2d at 14 ("A federal court presented with matrimonial issues or issues 'on the verge' of being matrimonial in nature should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts.").

Plaintiff asserts federal claims challenging a state court's decision about whether he should have any custody of his son and whether he should be allowed to visit him. Such claims fall squarely within the domestic relations exception. The Court therefore dismisses those claims for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**D.     Remaining claims**

Plaintiff's amended complaint can be understood as asserting that Guanilo has violated Plaintiff's federal constitutional rights. The Court construes those claims as brought under 42 U.S.C. § 1983. But the Court must dismiss any remaining § 1983 claims against Guanilo. And for the reasons discussed below, the Court also declines to consider any remaining claims Plaintiff asserts under state law.

    **1.     Remaining Section 1983 claims against Guanilo**

The Court must dismiss Plaintiff's remaining § 1983 claims against Guanilo because Plaintiff has not alleged any facts showing that Guanilo has acted as a state actor when violating his constitutional rights. A claim for relief under § 1983 must allege facts showing that each

defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties . . . .") (internal quotation marks and citation omitted). Guanilo is a private party, and Plaintiff has failed to allege any facts showing that she has acted as a state actor. The Court therefore dismisses any remaining § 1983 claims against Guanilo for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

### 2. State-law claims

The Court construes Plaintiff's amended complaint as also asserting state-law claims against the defendants. A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction . . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**E.     Leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

**F.     Plaintiff's litigation history**

The Court notes that after Plaintiff filed the original complaint commencing this action, the Court, in another action brought by Plaintiff, barred Plaintiff from filing any new civil action in this Court *in forma pauperis* without first obtaining permission of the Court. *See Genao v. Saint Pauls Church*, No. 1:19-CV-2704 (S.D.N.Y. June 5, 2019). The Court reminds Plaintiff that that filing bar remains in effect.

**CONCLUSION**

The Court directs the Clerk of Court to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Court dismisses this action. The Court dismisses Plaintiff's federal claims for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). To the extent that Plaintiff challenges a state court's ruling that decided whether Plaintiff should have any custody of his son and whether Plaintiff should be allowed to visit him, the Court dismisses such claims under the domestic relations exception to the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Court declines to exercise supplemental jurisdiction over any state-law claims that Plaintiff may be asserting. 28 U.S.C. § 1367(c)(3).

The Court denies Plaintiff's application for the Court to request *pro bono* counsel as moot. (ECF 1:19-CV-0169, 4.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: August 19, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge